**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

THERESA DAVIS,                       )
)
                  Plaintiff,        )
)
      vs.                    )
)
JP MORGAN CHASE BANK, N.A.,  )
)
                 Defendant.  )

## COMPLAINT

### INTRODUCTION

1.     Plaintiff Theresa Davis brings this action against JP Morgan Chase Bank, N.A. for violation of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), and breach of contract.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331 and 1367 and 15 U.S.C. §1693m.

3.     Venue in this District is proper because defendant is located in the District and the events at issue occurred in this District.

### PARTIES

4.     Plaintiff Theresa Davis is a resident of the Northern District of Illinois.

5.     Defendant JP Morgan Chase Bank, N.A. ("Chase") is a federally chartered bank with principal offices at 1111 Polaris Parkway, Columbus, OH 43240. It does business in Illinois and has numerous branches, including one at 141 West Jackson Blvd., Chicago, IL 60604.

## FACTS

6.      In July 2013, an unknown person or persons stole plaintiff's account information and debit card.

7.      On or about July 10, 2013, the unknown person or persons deposited a worthless or fake check in the amount of $3,164.98 into plaintiff's account at an ATM.   The check was payable to plaintiff.  Plaintiff's signature was forged in the space for endorsements on the reverse before the check was deposited.

8.      On or about July 11, 2013, the unknown person or persons made withdrawals of $443.20, $439.70, $465.70, $480.70, $480, and $748.40 ($3,057.70 total) from plaintiff's account using a debit card at an ATM.  Most or all of the withdrawals were made at an ATM located at a Wal-Mart in Niles, Illinois.

9.      The ATM transactions were electronic fund transactions subject to the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA").   Section 1693a(6) defines "electronic fund transfer" to mean "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal . . . so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to . . . . automated teller machine transactions . . ."

10.     The worthless or fake check was returned unpaid on July 15, 2013.  Chase imposed a $12 returned item fee.

11.     Plaintiff reported the incident to JPMorgan Chase Bank, N.A., and the Chicago police on July 22, 2013, promptly after its discovery.  Written documentation of the incident was provided to Chase on July 29, 2013.

12.     Defendant failed to diligently and reasonably and appropriately process the report pursuant to the error resolution provisions of the EFTA, 15 U.S.C. §1693f .

13.     Section 1693f provides:

**§ 1693f.  Error resolution**

2

**(a) Notification to financial institution of error.** If a financial institution, within sixty days after having transmitted to a consumer documentation pursuant to section 906(a), (c), or (d) [*15 USCS § 1693d(a)*, (c), or (d)] or notification pursuant to section 906(b) [*15 USCS § 1693d(b)*], receives oral or written notice in which the consumer–

> **(1)** sets forth or otherwise enables the financial institution to identify the name and account number of the consumer;
>
> **(2)** indicates the consumer's belief that the documentation, or, in the case of notification pursuant to section 906(b) [*15 USCS § 1693d(b)*], the consumer's account, contains an error and the amount of such error; and
>
> **(3)** sets forth the reasons for the consumer's belief (where applicable) that an error has occurred,

the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days. The financial institution may require written confirmation to be provided to it within ten business days of an oral notification of error if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be sent. A financial institution which requires written confirmation in accordance with the previous sentence need not provisionally recredit a consumer's account in accordance with subsection (c), nor shall the financial institution be liable under subsection (e) if the written confirmation is not received within the ten-day period referred to in the previous sentence.

**(b) Correction of error; interest.** If the financial institution determines that an error did occur, it shall promptly, but in no event more than one business day after such determination, correct the error, subject to section 909 [*15 USCS § 1693g*], including the crediting of interest where applicable.

**(c) Provisional recredit of consumer's account.** If a financial institution receives notice of an error in the manner and within the time period specified in subsection (a), it may, in lieu of the requirements of subsections (a) and (b), within ten business days after receiving such notice provisionally recredit the consumer's account for the amount alleged to be in error, subject to section 909 [*15 USCS § 1693g*], including interest where applicable, pending the conclusion of its investigation and its determination of whether an error has occurred. Such investigation shall be concluded not later than forty-five days after receipt of notice of the error. During the pendency of the investigation, the consumer shall have full use of the funds provisionally recredited.

**(d) Absence of error; finding; explanation.** If the financial institution determines after its investigation pursuant to subsection (a) or (c) that an error did not occur, it shall deliver or mail to the consumer an explanation of its findings within 3 business days after the conclusion of its investigation, and upon request of the consumer promptly deliver or mail to the consumer reproductions of all documents which the financial institution relied on to conclude that such error did not occur. The financial institution shall include notice of the right to request reproductions with the explanation of its findings.

3

**(e) Treble damages.  If in any action under section 915 [*15 USCS § 1693m*], the court finds that–**

> **(1) the financial institution did not provisionally recredit a consumer's account within the ten-day period specified in subsection (c), and the financial institution (A) did not make a good faith investigation of the alleged error, or (B) did not have a reasonable basis for believing that the consumer's account was not in error; or**

> **(2) the financial institution knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation,**

**then the consumer shall be entitled to treble damages determined under section 915(a)(1) [*15 USCS § 1693m(a)(1)*].**

**(f) Acts constituting error.  For the purpose of this section, an error consists of–**

> **(1) an unauthorized electronic fund transfer . . .**

14.    As of the filing of the complaint, the unauthorized withdrawals have not been reversed.

15.    Chase claims that plaintiff has a negative balance, by allowing  $3,069.70 in debits resulting from the unauthorized transactions.

16.    By not reversing the unauthorized withdrawals, Chase imposed liability upon plaintiff in violation of 15 U.S.C. §1693g, which provides:

**Consumer liability**

**(a) Unauthorized electronic fund transfers; limit.  A consumer shall be liable for any unauthorized electronic fund transfer involving the account of such consumer only if the card or other means of access utilized for such transfer was an accepted card or other meanas [means] of access and if the issuer of such card, code, or other means of access has provided a means whereby the user of such card, code, or other means of access can be identified as the person authorized to use it, such as by signature, photograph, or fingerprint or by electronic or mechanical confirmation. In no event, however, shall a consumer's liability for an unauthorized transfer exceed the lesser of–**

> **(1) $ 50; or**

> **(2) the amount of money or value of property or services obtained in such unauthorized electronic fund transfer prior to the time the financial institution is notified of, or otherwise becomes aware of, circumstances which lead to the reasonable belief that an unauthorized electronic fund transfer involving the**

4

consumer's account has been or may be affected. Notice under this paragraph is sufficient when such steps have been taken as may be reasonably required in the ordinary course of business to provide the financial institution with the pertinent information, whether or not any particular officer, employee, or agent of the financial institution does in fact receive such information.

Notwithstanding the foregoing, reimbursement need not be made to the consumer for losses the financial institution establishes would not have occurred but for the failure of the consumer to report within sixty days of transmittal of the statement (or in extenuating circumstances such as extended travel or hospitalization, within a reasonable time under the circumstances) any unauthorized electronic fund transfer or account error which appears on the periodic statement provided to the consumer under section 906 [*15 USCS § 1693d*]. In addition, reimbursement need not be made to the consumer for losses which the financial institution establishes would not have occurred but for the failure of the consumer to report any loss or theft of a card or other means of access within two business days after the consumer learns of the loss or theft (or in extenuating circumstances such as extended travel or hospitalization, within a longer period which is reasonable under the circumstances), but the consumer's liability under this subsection in any such case may not exceed a total of $ 500, or the amount of unauthorized electronic fund transfers which occur following the close of two business days (or such longer period) after the consumer learns of the loss or theft but prior to notice to the financial institution under this subsection, whichever is less.

(b) Burden of proof.  In any action which involves a consumer's liability for an unauthorized electronic fund transfer, the burden of proof is upon the financial institution to show that the electronic fund transfer was authorized or, if the electronic fund transfer was unauthorized, then the burden of proof is upon the financial institution to establish that the conditions of liability set forth in subsection (a) have been met, and, if the transfer was initiated after the effective date of section 905, that the disclosures required to be made to the consumer under section 905(a)(1) and (2) [*15 USCS § 1693c(a)(1) and (2)*] were in fact made in accordance with such section.

(c) Determination of limitation on liability.  In the event of a transaction which involves both an unauthorized electronic fund transfer and an extension of credit as defined in section 103(e) of this Act [*15 USCS § 1602(e)*] pursuant to an agreement between the consumer and the financial institution to extend such credit to the consumer in the event the consumer's account is overdrawn, the limitation on the consumer's liability for such transaction shall be determined solely in accordance with this section.

(d) Restriction on liability.  Nothing in this section imposes liability upon a consumer for an unauthorized electronic fund transfer in excess of his liability for such a transfer under other applicable law or under any agreement with the consumer's financial institution.

(e) Scope of liability.  Except as provided in this section, a consumer incurs no liability from an unauthorized electronic fund transfer.

17.     Plaintiff's maximum liability was $50.

### COUNT I – EFTA

18.     Plaintiff incorporates paragraphs 1-17.

19.     Defendant failed to properly process plaintiff's complaint under the EFTA error resolution provisions, 15 U.S.C. §1693f.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

        a.     Actual damages;

        b.     Statutory damages;

        c.     Attorney's fees, litigation expenses and costs of suit;

        d.     Such other or further relief as the Court deems proper.

### COUNT II – EFTA

20.     Plaintiff incorporates paragraphs  1-17.

21.     Defendant imposed liability upon plaintiff for the unauthorized transactions in an amount exceeding the $50 allowed under 15 U.S.C. §1693g.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

        a.     Actual damages;

        b.     Statutory damages;

        c.     Attorney's fees, litigation expenses and costs of suit; and

        d.     Such other or further relief as the Court deems proper.

### COUNT III – BREACH OF CONTRACT

22.     Plaintiff incorporates paragraphs  1-17.

23.     Chase held plaintiff liable for transfers in contravention of the parties' agreement, which limits liability for theft.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and

against defendant for:

      a.      Actual damages;

      b.      A declaration as to the amount owed (or not owed) on the account that was the subject of the fraudulent transactions;

      c.      Costs of suit; and

      d.      Such other or further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

## **VERIFICATION**

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of her knowledge and belief.

Theresa Davis

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\28962\Pleading\Complaint_Pleading.WPD